UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL DUDLEY, EL, 151365,

       Plaintiff,

                                                    CASE NO. 05-CV-71471-DT
v.                                                  HONORABLE BERNARD A. FRIEDMAN

JOHN DOE PRISON GUARD
aka D. RICHARD,

       Defendant.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT
## AND VACATING ORDER OF REFERENCE

I.      Introduction

      Before the Court is Plaintiff Darryl Dudley El's civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner currently confined at the Standish Maximum Correctional Facility in Standish, Michigan.  Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.

      In his complaint, Plaintiff alleges that the defendant failed to provide him with appropriate cleaning supplies (which resulted in an infection requiring medical treatment), engaged in ethnic intimidation, and retaliated against him.  Plaintiff seeks monetary damages, injunctive relief and other appropriate relief.  Having reviewed the complaint, the Court dismisses it pursuant to 42 U.S.C. § 1997e(a) for failure to demonstrate exhaustion of administrative remedies.

II.     Discussion

1

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust all available administrative remedies before filing a federal lawsuit challenging his conditions of confinement. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir. 1999). To demonstrate exhaustion of administrative remedies, a prisoner should attach the decision containing the administrative disposition of his grievance or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). A prisoner must exhaust administrative remedies as to each defendant and as to each claim identified in the complaint. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The exhaustion requirement applies to § 1983 actions brought by state prisoners even if those prisoners seek monetary relief. *See Lavista v. Beeler*, 195 F.3d 254, 256-57 (6th Cir. 1999).

Federal courts may enforce the exhaustion requirement *sua sponte*. *See Brown*, 139 F.3d at 1104. When a prisoner fails to exhaust administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *Smith v. Federal Bureau of Prisons*, 300 F.3d 721, 723 (6th Cir. 2002). Under the PLRA, a prisoner may not amend the complaint to cure the failure to plead exhaustion of administrative remedies. *See Baxter v. Rose*, 305 F.3d 484, 488 (6th Cir. 2002).

In his complaint, Plaintiff claims that has exhausted administrative remedies as to his claims and lists grievance numbers, but does not indicate that he completely pursued his remedies through the appellate process of the grievance procedure. He has thus failed to set

forth with sufficient specificity the steps that he took to fully and properly exhaust his administrative remedies, nor does he attach grievances or other administrative requests that he may have submitted to prison officials. Plaintiff has not met his burden of showing that he has fully exhausted his administrative remedies. His complaint must therefore be dismissed.

III.    Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to demonstrate exhaustion of administrative remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's civil rights complaint. Given this determination, the Court **VACATES** its order referring pretrial matters to United States Magistrate Judge Donald A. Scheer.

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

s/Bernard A. Friedman
_____
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

DATED: _May 5, 2005_____

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 5, 2005, by electronic and/or ordinary mail.

s/Carol Mullins_____
Case Manager